### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BURLHOLME CONGREGATION OF JEHOVAH'S WITNESSES, et. al., | |
| *Plaintiffs*, | Case No: 2:24-cv-0304-MRP |
| v. | JURY TRIAL DEMANDED |
| MARK O'DONNELL. | **FILED UNDER SEAL** |
| *Defendants*. | |

## MR. O'DONNELL'S MOTION FOR UNSEALING OF THE DOCKET IN THIS CASE AND FOR ENTRY OF A LIMITED PROTECTIVE ORDER

Defendant Mark O'Donnell, through counsel, respectfully moves the Court to unseal the docket in this case and issue a properly tailored Order for the sealing of allegedly confidential information. In support thereof, Defendant avers as follows:

1. This action was commenced by the filing of a Complaint on January 29, 2024. Along with the Complaint, Plaintiffs filed an *ex parte* motion for an order sealing the Complaint, Motion to Seal and accompanying Memorandum, as well as any response thereto.

2. By Order dated February 2, 2024, the Court granted Plaintiffs' Motion and ordered that "[t]he motion to seal, memorandum of law and complaint –along with any responses from defendant Mark O'Donnell thereto – shall be filed under seal until further Order of this Court." (ECF 7).

3. As a result of that Order, however, the Clerk's Office sealed the entire docket, rather than simply allowing the filing of the Complaint and any responses under seal as stated in the February 2, 2024 Order.

4. As a result, all documents filed in this case—including those that contain no confidential information—have been filed under seal, and the docket is not available on PACER.

5. The motion to seal and this Court's Order granting that motion are, likewise, hidden from public view.

6. Plaintiffs initially sought leave to file their Complaint under seal in order to protect three types of allegedly confidential information: (a) non-public information concerning a Pennsylvania Grand Jury investigation where the investigation itself has been publicized; (b) the content of allegedly privileged attorney-client communications; and (3) the content of a meeting that Plaintiffs alleged was illegally intercepted.[1]

7. Upon information and belief, the docket in this matter would not disclose any of this allegedly confidential information.

8. In fact, only a few paragraphs in Plaintiffs' Complaint contains allegedly confidential information. Exhibit A to the Complaint also contains some of the allegedly confidential information.

9. Mr. O'Donnell filed his Answer to the Complaint under seal, as directed by the Court. Only two paragraphs in that Answer disclosed information that Plaintiffs contend is non-public or confidential. *See* Answer at ¶¶ 40, 47.

10. Both documents could easily have been filed with redactions that protected the allegedly confidential information, and an unredacted copy could have been filed under seal.

11. Federal courts and federal court records are presumed to be open to the public and the press.

12. To protect the interests and privacy of litigants, our courts have developed a range of mechanisms for shielding specific information from the public: a court may order that a

---

[1] Mr. O'Donnell does not agree with Plaintiffs' assertions of privilege, but will address that at a later time.

litigant be allowed to proceed by pseudonym, may issue a protective order requiring litigants to redact or file certain information under seal, and may even order that entire documents be filed under seal.

13. Each such step must be narrowly tailored so that it conceals no more information than necessary to protect the parties' interests, and each step requires public justification in the form of findings and a judicial order. The purpose of requiring a record of the decision to remove information from the public eye is to permit the public to challenge the decision, and to allow for full appellate review.

14. When a court seals an entire docket, rather than a document, however, it turns the presumption of public access on its head. Not only is the public unable to read the order ordering the secrecy to see whether it is justified; the public cannot even find reference to the case or know it exists. It becomes impossible, therefore, to challenge the decision. That may be appropriate in cases where the public, in fact, has no claim to access, as in Grand Jury proceedings. But it cannot be justified in civil proceedings where public right of access is the rebuttable presumption.

15. The Court of Appeals for the Third Circuit abolished the practice of sealing appellate dockets shortly after the surprising issuance of a precedential opinion in a case in which the docket had been sealed – and the case, thus, entirely hidden from public view – in both the District Court and the Court of Appeals. *See Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 358 (3d Cir. 2008). As *Doe v. C.A.R.S. Protection Plus, Inc*. illustrates, a court may misjudge the public interest in a particular case, and that sort of error can only be corrected if the public is aware of and able to challenge protective orders.

16. Less drastic measures can protect the privacy of the parties in this action and, where

appropriate, keep specific information or documents private.

17. Mr. O'Donnell sought the Plaintiffs' concurrence in this Motion. Plaintiffs have stated that they will oppose all of the relief sought.

WHEREFORE, for these reasons, and as more fully argued in the accompanying brief, Defendant Mark O'Donnell respectfully requests that the Court grant his Motion and enter an order that (1) directs the Clerk to lift the blanket seal on the docket while leaving the original versions of the Complaint, Motion to Seal, and Answer under seal; (2) orders the parties to publicly refile the sealed documents on the public record with specific redactions; (3) orders that the same redactions be made in any future filings, with unredacted copies filed under seal and served on the other parties; and (4) orders the parties to meet and confer over a comprehensive protective order for the case. A proposed form of Order is submitted herewith.

Respectfully submitted,

Dated: May 24, 2024

/s/Mary Catherine Roper
Mary Catherine Roper
John Grogan
David Nagdeman
LANGER, GROGAN & DIVER P.C.
1717 Arch St., Ste 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
mroper@langergrogan.com,

*Counsel for Mr. O'Donnell*

**CERTIFICATE OF SERVICE**

I, Mary Catherine Roper, certify that on this date, I caused a true and correct copy of the foregoing motion, along with the accompanying brief and proposed Order, to be served via email on counsel for Plaintiffs.

Dated: May 24, 2024 /s/ Mary Catherine Roper
Mary Catherine Roper