**Joint Status Report Pursuant to Rule 26(f)**

Caption:  Burholme Congregation of Jehovah's Witnesses, et al. v. Mark O'Donnell

Civil Action No: 2:24-cv-0304-MRP

Basis of Jurisdiction:  Federal question and supplemental jurisdiction

Jury Trial: <u>X</u>    Non-Jury Trial:  _____ Arbitration:  _____


1.  Plaintiff's brief factual summation of the case and claims:  This case arises out of Defendant's unlawful interception and disclosure of secret, confidential, and privileged communications between Plaintiffs and their attorneys. During a virtual meeting, Plaintiffs sought from their attorneys legal advice related to an ongoing grand jury investigation. Defendant, unbeknownst to Plaintiffs and without Plaintiffs' consent, attended this virtual meeting and subsequently disclosed confidential, privileged, and secret information to the public. In so doing, Defendant violated the Omnibus Crime Control & Safe Streets Act of 1968, the Pennsylvania Wiretapping and Electronic Surveillance Control Act, and the Maryland Wiretapping Electronic Surveillance Act. Additionally, Defendant tortiously invaded Plaintiffs' privacy by unreasonably intruding upon the seclusion of Plaintiffs' private affairs and concerns. As a result of these violations, Plaintiffs seek statutory, nominal, and punitive damages in excess of $700,000.00, along with interest, reasonable attorneys' fees, and other litigation costs.

2. Defendant's brief factual summation of the case, claims, and defenses: Defendant Mark O'Donnell is a well-known investigator and journalist who has, for years, assisted law enforcement and victims to expose and hold accountable child molesters who have been shielded by Jehovah's Witness congregations. In that role, Mr. O'Donnell has been interviewed by the PA Attorney General's office and has testified before the Attorney General's grand jury investigating the occurrence and concealment of child sexual abuse within Jehovah's Witnesses congregations in Pennsylvania. As a result of his prominence as an investigator and journalist in this field, Mr. O'Donnell has been contacted by numerous survivors of abuse and their advocates seeking help. He has also been contacted by whistleblowers – people of conscience within Jehovah's Witness communities – who provide Mr. O'Donnell with confidential information concerning allegations of sexual abuse and efforts by the church to keep those allegations secret. One such informant notified Mr. O'Donnell of the virtual meeting called by the lawyers hired to represent the plaintiff congregations with respect to the Attorney General's ongoing investigation and invited Mr. O'Donnell to join the call, which the informant also planned to attend. Mr. O'Donnell accepted that invitation and later spoke about the call without identifying any plaintiff on a single interview that was posted on YouTube. Plaintiffs apparently learned of the YouTube interview and Mr. O'Donnell's participation in the meeting soon after the interview but did not inform Mr. O'Donnell that they considered his participation improper or that they objected to his disclosure of what he heard. Nor did Plaintiffs seek to have the YouTube interview removed from public view. Mr. O'Donnell did that immediately upon hearing from plaintiffs for the first time, which was through service of the complaint. Mr. O'Donnell did not violate any laws because he was

invited to the meeting and because the plaintiffs waived any expectation of privacy they may have had with respect to the meeting.

3. Plaintiff's counsel participating in the Rule 16 Conference: Edward Seglias and Ashling Ehrhardt

4. Defendant's counsel participating in the Rule 16 Conference: Mary Catherine Roper, John Grogan and David Nagdeman.

5. When did the parties hold the Rule 26 Conference? November 13, 2024

6. When did the parties comply with Rule 26(a)'s duty of self-executing disclosure? November 14, 2024

7. Plan for Discovery:

    a. The parties anticipate that discovery should be completed within 180 days.

    b. If you contend the discovery period should exceed 90 days, please explain: Defendant's counsel estimates she will take 13 depositions and Plaintiffs' counsel estimates they will take 1-3 depositions. This, coupled with Defendant's forthcoming Motion for a Protective Order regarding Defendant's right to assert a reporter's privilege, necessitate a longer discovery period.

    c. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? Yes

    d. Identify any other discovery issues that should be addressed at the Rule 16 Conference, including limitations on discovery, protective orders needed, or other elements which should be included in a particularized discovery plan: The parties are going to try and agree on a protective order surrounding the attorney-client privilege issue at the heart of this case.

    e. Does either side anticipate the use of experts? No
       If yes, what is the proposed deadline for expert discovery? N/A

8. Proposed deadline for filing dispositive motions: June 25, 2025

9. Approximate date case should be trial-ready:  August 25, 2025
   Time for Plaintiff's case:  1 day     Time for Defendant's case: 2 days

10. Does your client consent to proceeding before a Magistrate Judge for final disposition? Not at this time but willing to re-consider during discovery.

11. Is a settlement conference likely to be helpful? Yes

   If so, when: Early:  No

After Discovery: Yes - halfway through discovery

**This form should be submitted to Chambers by
email: Perez_Chambers@paed.uscourts.gov**

9537252.1 55883-0004