**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Burlholme Congregation of Jehovah's Witnesses, *et al.*, <br><br>　　　　*Plaintiffs,* <br><br>　　v. <br><br>Mark O'Donnell, <br><br>　　　　*Defendant.* | Civil Action No. 2:24-cv-304 |

**STIPULATED PROTECTIVE ORDER**

　　The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for the purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information. The parties agree to voluntarily abide by the relevant provisions of this stipulation until the Court enters it as an order. The parties acknowledge that this order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

　　For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request and enters the following Stipulated Protective Order ("Order"):

　　1.　　**Scope.** All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial

1

proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Definition of "Confidential Information."** As used in this Order, "Confidential Information" is defined as information that qualifies for protection under Federal Rule of Civil Procedure 26(c)—that is, information that, if disclosed, will cause a clearly defined and serious injury to the designating party that outweighs the public's interest in disclosure. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

   a. Sensitive, private personal information, including social security numbers and bank account numbers;

   b. Nonpublic information concerning the statewide investigating grand jury investigation;

   c. The content of allegedly privileged communications;

   d. The content of allegedly intercepted communications;

   e. All other information and documents for which disclosure is restricted or prohibited by statute, regulation, agreement, or otherwise;

With the exception of Paragraph 2(b), (c), and (d), the term "Confidential Information" does not include any information that:

   a. Is publicly available at the time of disclosure;

   b. Becomes publicly available after disclosure through no fault of the receiving party;

   c. Was known to the receiving party prior to disclosure; or

   d. The receiving party lawfully receives at a later date from a third party without restriction as to disclosure.

Nothing prevents any party from challenging the designation of particular records or information as Confidential Information pursuant to Paragraph 8, *infra*.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party certifies that the document contains Confidential Information.

4. **Inadvertent Failure to Designate.** Inadvertently failing to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within sixty (60) days after production of the document or material.

5. **Depositions**. Deposition testimony will be deemed confidential only if designated as Confidential Information when the deposition is taken or within fourteen (14) days after the deposition transcript is available. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

    a. **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

    b. **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

        i. The parties, including their employees, agents, and representatives;

        ii. Counsel for the parties and their employees and agents, including outside courier, paralegal or copying services;

        iii. The court and court personnel, including any special master appointed by the court, and members of the jury;

        iv. Court reporters, recorders, and videographers engaged for depositions;

        v. Any mediator appointed by the court or jointly selected by the parties;

        vi. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed a certification and agreement to be bound by this Order;

        vii. Any potential, anticipated, or actual non-party fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed a certification and agreement to be bound by this Order;

        viii. The author or recipient of the document (not including a person who received the document in the course of the litigation);

      ix.    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

      x.    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

    c.  **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain the originals of the forms signed by those persons acknowledging their obligations under this Order.

7.    **Filing Confidential Information**. A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate and with the court's permission (*e.g.*, in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion.

8.    **Challenging a Confidential Designation.** Any party may challenge the designation of any material or document as Confidential Information at any time. If a party believes that material

has been improperly designated Confidential, that party shall provide a written notice to the designating party, setting forth in detail the basis for the challenge. Over the next ten (10) days, the parties must meet and confer in good faith to resolve the objection informally without judicial intervention. If the parties are unable to resolve the dispute, the designating party may initiate the appropriate procedures (either filing a motion or following such other procedure set forth by the Court) within twenty-one (21) days of the written challenge notice to request that the Court determine whether the challenged material is, in fact, entitled to protection and that, if so, the Court issue a protective order requiring that the challenged material not be disclosed.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge or, if no motion is made, until the time for the designating party to bring a motion has expired, all parties must continue to treat the designated materials as Confidential Information.

9. **Using Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. Prior to any trial or hearing, the parties shall meet and confer in good faith to identify any Confidential Information that the parties can agree to redact from the evidence to be presented at the trial or hearing without impairing the using party's right to present their case.  A party that wishes to protect Confidential Information at a hearing or trial where no agreement over redaction is reached must bring that issue to the attention of the court and the other parties for resolution. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of Litigation.**

    a. **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

      b. **Destroying Confidential Documents.** After written notice by the producing party, within ninety (90) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be destroyed by the receiving party unless the document has been offered into evidence or filed without restriction as to disclosure. The receiving party is not required to locate, isolate, and destroy emails (including attachments to e-mails) that may include Confidential Information, Confidential Information contained in deposition transcripts, or Confidential Information contained in draft or final expert reports.

11. **Modification.** This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **Enforcement.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel, or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue. However, the parties acknowledge the Court's Order issued on November 25, 2024 (ECF 41) declaring that the information described in Paragraph 2(b), (c), and (d) is confidential and not subject to public disclosure. The parties will mark and treat the information described in Paragraph 2(b), (c),

and (d) as Confidential Information except to the extent that the Court's Order issued on November 25, 2024 (ECF 41) is modified by future court orders.

14. **Persons Bound.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

16. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential

Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

18. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product Protection**. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or stop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.

Within five (5) business days after receiving written notice from a producing party that privileged information, including copies or summaries thereof, has been inadvertently produced, the receiving party shall—unless it contests the claim of attorney-client privilege or work product protection—return or destroy all such privileged information including, if a document, any copies of that document. Disclosure of the information or document by the receiving party prior to such notice will not be deemed a violation of the provisions of this Order. A party that returns or destroys privileged information after receipt of notice may retain information not claimed to be privileged that is sufficient to identify the document or other information that it returns, but may do so solely for the purpose of promptly challenging the privileged status and/or inadvertent waiver status of the document or information. This paragraph shall not prejudice the right of any party to challenge a producing party's claim that information is privileged on any grounds.

If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within fourteen (14) days of receipt of written notice from the

producing party—initiate court-ordered procedures to move the Court for an order finding that the material referenced in the notification does not constitute privileged or protected information. This motion must be filed under seal with Court approval and cannot assert the fact or circumstance of the disclosure to the receiving party as a ground for determining that the material does not constitute privileged or protected information. The designating party bears the burden of establishing the privilege or work product protection. Pending resolution of the motion, the receiving party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed motion.

19. **Documents Withheld on Grounds of Privilege: Privilege Logs.** If any document responsive to any discovery request is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, the party possessing that document shall provide a statement of the claim of privilege and all facts relied upon in support of that claim, as required by Federal Rules of Civil Procedure, including the following information:

   a. a unique identification number for the document;
   b. the reason for withholding the document;
   c. the date of such communication;
   d. the medium of such communication;
   e. the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);
   f. the identity of any document that was the subject of such communication and the present location of any such document;
   g. the identity of all the persons involved in such communication; and

      h.   the specific discovery requests or request to which such information is responsive.

A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Order. The privilege log shall include the information set forth in the preceding paragraph. For ESI, the privilege log may be generated using available metadata. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production unless a later deadline is agreed to by the parties.

With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

20.    **Other Proceedings.** By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated: December 9, 2024                       Respectfully Submitted,

| LANGER GROGAN & DIVER P.C. | COHEN SEGLIAS PALLAS GREENHALL & FURMAN, PC |
|---|---|
| */s/ Mary Catherine Roper* | */s/ Ashling A. Ehrhardt* |
| Mary Catherine Roper | EDWARD SEGLIAS, ESQUIRE |
| John J. Grogan | STEVEN WILLIAMS, ESQUIRE |
| David Nagdeman | ASHLING A. EHRHARDT, ESQUIRE |
| 1717 Arch St., Ste 4020 | 1600 Market Street, 32nd Floor |

11

<div style="display: flex;">

Philadelphia, PA 19103
(215) 320-5660
mroper@langergrogan.com
jgrogan@langergrogan.com
dnagdeman@langergrogan.com

Attorneys for Defendant

Philadelphia, Pennsylvania 19103
Tel.: (215) 564-1700
Email: eseglias@cohenseglias.com
swilliams@cohenseglias.com
aehrhardt@cohenseglias.com

Attorneys for Plaintiffs

</div>

It is so **ORDERED** this ___ day of _____, 2024.

                                                              _____
Hon. Mia Roberts Perez
United States District Court Judge

9577655.1 55883-0004