**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BURLHOLME CONGREGATION OF JEHOVAH'S WITNESSES, et. al., <br><br> *Plaintiffs*, <br><br> v. <br><br> MARK O'DONNELL. <br><br> *Defendant.* | Case No: 2:24-cv-0304-MRP <br><br> JURY TRIAL DEMANDED |

## MR. O'DONNELL'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant Mark O'Donnell, through counsel, answers the correspondingly numbered paragraphs of the Complaint as follows and asserts the following Affirmative Defenses:

### INTRODUCTION

1. Admitted. By way of further response, sixteen individuals have been indicted for alleged sexual abuse as part of the Attorney General's investigation since the filing of the Complaint.

2. Admitted, upon information and belief.

3. Denied. Mr. O'Donnell entered the Microsoft Teams meeting in question in the same manner as the other parties to the meeting, having been invited by one of the parties.

4. Denied as stated. Mr. O'Donnell was raised and baptized as a Jehovah's Witness. He remains a Jehovah's Witness unless he has been "disfellowshipped." The Jehovah's Witnesses employ a standard form document when a member is disfellowshipped, known as an S-77. Mr. O'Donnell has never seen documentary evidence of his being disfellowshipped and without that can neither confirm nor deny the statement that he is not a Jehovah's Witness. By way of further response, Mr. O'Donnell did

not "disclose parts of the [February 16, 2023] meeting" but did publicly share some of what he heard at that meeting, to which he was a party, having been invited by another party to the meeting. A more detailed account of what Mr. O'Donnell follows at ¶ 47.

5. Denied.

## PARTIES

6. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Admitted.

## JURISDICTION AND VENUE

18. This paragraph sets forth solely legal conclusions to which no response is required.

19. This paragraph sets forth solely legal conclusions to which no response is required.

20. Denied as stated. Mr. O'Donnell does not contest jurisdiction.

21. This paragraph sets forth solely legal conclusions to which no response is required.

## STATEMENT OF CLAIM

22. Denied.

23. Admitted that Jehovah's Witnesses is an established religion and that the rest of this paragraph sets forth what Jehovah's Witnesses proclaim as their purpose.

24. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. Admitted.

26. Admitted.

27. Admitted that Jehovah's Witness congregations are organized by men known as elders and that the rest of this paragraph sets forth the Jehovah's Witnesses' definition of the role of elders.

28. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and they are therefore denied.

29. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph and they are therefore denied.

30. Mr. O'Donnell is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and they are therefore denied.

31. Denied as stated. Mr. O'Donnell was raised and baptized as a Jehovah's Witness. He remains a Jehovah's Witness unless he has been "disfellowshipped." The Jehovah's Witnesses employ a standard form document when a member is disfellowshipped, known as an S-77. Mr. O'Donnell has never seen documentary evidence of his being disfellowshipped and without that can neither confirm nor deny the statement that he is no longer affiliated with the Jehovah's Witnesses. By way of further response, Mr. O'Donnell is a freelance journalist and writer who since 2014 has devoted his time to investigating and writing about the cover-up of child abuse allegations by the Governing Body of Jehovah's Witnesses, which is also known as the Watchtower Organization. Mr. O'Donnell shares what he has learned with the public through the website he operates, JWChildAbuse.org. Because of his public profile concerning these matters, Mr. O'Donnell has been contacted by numerous survivors of abuse and their advocates seeking help. He has also been contacted by whistleblowers – people of conscience within the Jehovah's Witness community who provide Mr. O'Donnell with information concerning allegations of sexual abuse and efforts by the church to keep those allegations secret. Mr. O'Donnell has worked with law enforcement in at least six states to support the investigation and prosecution of sexual abuse that has been perpetrated in and hidden by Jehovah's Witness congregations. He has testified before the Pennsylvania Attorney General's grand jury investigation twice and some of the prosecutions that have resulted from that grand jury investigation originated with information that Mr. O'Donnell received from survivors of abuse and their advocates and then passed on to the Attorney General. Finally, Mr. O'Donnell has provided testimony in civil suits brought by survivors of sexual abuse against Jehovah's Witness congregations and elders and against the

Watchtower organization, who are alleged to have covered up and enabled sexual abuse by their members.

     32.    Admitted.

     33.    Admitted.

     34.    Admitted.

     35.    Admitted.

     36.    Denied.

     37.    Mr. O'Donnell is without sufficient knowledge to admit or deny the averments of this paragraph and they are therefore denied.

     38.    Mr. O'Donnell is without sufficient knowledge to admit or deny the averments of this paragraph and they are therefore denied.

     39.    Admitted upon information and belief.

     40.    [REDACTED]

     41.    Denied as stated. See response to paragraph 40.

     42.    This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

     43.    Admitted.

     44.    Admitted. By way of further response, the YouTube recording in question is no longer available on that site.

     45.    Admitted upon information and belief.

     46.    Admitted.

     47.    Denied as stated. [REDACTED]

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ **All of that Mr. O'Donnell had learned before the meeting occurred.** Mr. O'Donnell also related additional detail that he learned on the call. ████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

48.     The transcript is a writing, the contents of which speak for themselves. Any characterizations of the contents of that writing are denied. It is specifically denied that Mr. O'Donnell

had no other source for some of the information listed than the meeting that he attended as a party.

49. Admitted. See Response to ¶ 47.

50. Mr. O'Donnell does not understand what is intended by the allegations of this paragraph, which are therefore denied. Mr. O'Donnell spoke directly from his memory of the meeting.

51. Mr. O'Donnell admits that he could both see and hear the meeting to which he was a party. All other allegations of this paragraph are denied.

52. Denied. As Exhibit B to the Complaint clearly reveals, a link to the YouTube video was shared on Reddit by a different poster, "theSelfAwareNPC." Mr. O'Donnell responded to that post under his screen name John Redwood. By way of further response, Mr. O'Donnell has openly identified himself as the Reddit poster "John Redwood" since at least 2019. *See, e.g.*, Douglas Quenqua, A Secret Database Of Child Abuse, The Atlantic, Mar. 22, 2019, available at https://www.theatlantic.com/family/archive/2019/03/the-secret-jehovahs-witness-database-of-child-molesters/584311/.

53. Admitted, upon information and belief.

54. Mr. O'Donnell is without sufficient knowledge to admit or deny the averments of this paragraph and they are therefore denied.

55. Mr. O'Donnell is without sufficient knowledge to admit or deny the averments of this paragraph and they are therefore denied.

56. Admitted.

57. Admitted.

58. Admitted that Mr. O'Donnell logged into the meeting using his phone number. The remaining allegations of the paragraph are denied.

59. This paragraph sets forth solely legal conclusions to which no response is required. To

the extent this paragraph sets forth factual assertions, they are denied.

60. Denied.

61. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

62. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

63. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

64. Denied.

65. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

## COUNT I

66. Mr. O'Donnell incorporates by reference as if fully stated here Mr. O'Donnell's responses to all preceding paragraphs.

67. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

68. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

69. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

70. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

71. This paragraph sets forth solely legal conclusions to which no response is required. To

the extent this paragraph sets forth factual assertions, they are denied.

72. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

73. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

74. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

75. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

76. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

77. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

78. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

79. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

80. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

## COUNT II

81. Mr. O'Donnell incorporates by reference as if fully stated here Mr. O'Donnell's responses to all preceding paragraphs.

82. This paragraph sets forth solely legal conclusions to which no response is required. To

the extent this paragraph sets forth factual assertions, they are denied.

83. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

84. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

85. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

86. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

87. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

88. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

89. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

90. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

91. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

92. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

93. This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

94.     This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

## COUNT III

95.     Mr. O'Donnell incorporates by reference as if fully stated here Mr. O'Donnell's responses to all preceding paragraphs.

96.     This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

97.     Denied.

98.     Denied. By way of further response, any privilege or privacy interest that might otherwise have attached to the communications at the February 16, 2023 meeting was waived.

99.     This paragraph sets forth solely legal conclusions to which no response is required. To the extent this paragraph sets forth factual assertions, they are denied.

100.    Denied.

101.    Denied.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Mr. O'Donnell acted in accordance with all applicable laws and regulations.

### SECOND AFFIRMATIVE DEFENSE

Mr. O'Donnell did not "intercept" the February 16, 2023 meeting; he was a party to that meeting, having been invited to participate by another party.

### THIRD AFFIRMATIVE DEFENSE

The communications at the February 16, 2023 meeting were neither privileged nor private.

### FOURTH AFFIRMATIVE DEFENSE

Any privilege or privacy interest that might otherwise have attached to the communications at the February 16, 2023 meeting was waived.

### FIFTH AFFIRMATIVE DEFENSE

Mr. O'Donnell could not have violated the Pennsylvania Wiretap Act, as all of his relevant conduct occurred in another state.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Mr. O'Donnell upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, and thus Mr. O'Donnell is not liable for those damages that could have been mitigated by reasonable effort but were not.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs, not being natural persons, cannot suffer or claim damages for "mental suffering, shame and humiliation."

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot claim damages for any alleged "mental suffering, shame and humiliation" of the elders of their congregations, who are not parties to this action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot claim damages for any alleged "mental suffering, shame and humiliation" arising from public statements by Mr. O'Donnell [REDACTED] because Mr. O'Donnell has not named or described any of the Plaintiff congregations in connection with that investigation.

Mr. O'Donnell reserves the right to plead and prove additional affirmative defenses as this case

progresses through litigation.

**WHEREFORE**, Defendant Mark O'Donnell respectfully requests that the Court dismiss plaintiffs' claims with prejudice, direct entry of judgment in Mr. O'Donnell's favor and award Mr. O'Donnell such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 6, 2024

/s/ Mary Catherine Roper
Mary Catherine Roper
John Grogan
LANGER, GROGAN & DIVER P.C.
1717 Arch St., Ste 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
mroper@langergrogan.com,

*Counsel for Mr. O'Donnell*

## **CERTIFICATE OF SERVICE**

    I, Mary Catherine Roper, certify that on this date, I caused a true and correct copy of the foregoing to be served via email to counsel for Plaintiffs.

Dated: May 6, 2024                                  /s/ Mary Catherine Roper
                                                             Mary Catherine Roper